## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MICHAEL ADAM KOZITZKI,** **#576326,** | § § § | |
| **Petitioner,** | § § | |
| **vs.** | § § | **CIVIL NO. SA-25-CV-0138-FB** |
| **BEXAR COUNTY SHERIFF JAVIER SALAZAR[1],** | § § § | |
| **Respondent.** | § § | |

### ORDER GRANTING IFP
### and DISMISSING PETITION

Before the Court is Petitioner, Michael Adam Kozitzki's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). Petitioner has submitted two Applications to Proceed in Forma Pauperis ("IFP") (ECF Nos. 2, 10). The first application did not include a copy of his Resident Account Summary. (ECF No. 2). However, after being notified of this deficiency, Petitioner submitted a second application to which he attached a copy of his Resident Account Summary. (ECF Nos. 5, 10). Upon consideration, Petitioner's first application to proceed IFP (ECF No. 2) is **DISMISSED**; and his second application (ECF No. 10) is **GRANTED**. Further, Petitioner's is **DISMISSED WITHOUT PREJUDICE**. (*Id.*).

### BACKGROUND

According to Bexar County Court records, in November of 2024, Petitioner was arrested for the offense of injury to a child/elderly/disabled w/intent to commit bodily injury. He was subsequently indicted for this offense and found incompetent to stand trial. *See State v. Kozitski*, No. 2024CR012870 (399th Dist. Ct., Bexar County, Tex. Dec. 17, 2024). Kozitzki has been

---

[1] Petitioner also lists the San Antonio City Council and the Bexar County Adult Detention Center as respondents. (ECF No. 1). However, the proper respondent to a habeas petition is the person who has custody over the petitioner. *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004).

appointed counsel and is being detained in the Bexar County Adult Detention Center ("BCADC").

While detained, Petitioner Kozitzki filed a § 2241 petition for writ of habeas corpus, contending he is being detained unlawfully in violation of his civil rights. (ECF No. 1). Kozitzki complains he is being forced to change his name[2], has never seen his court appointed attorney and that he has been kidnapped and held without trial in violation of the Speedy Trial Act. (*Id.* at 1, 3). Kozitzki requests monetary damages along with his immediate release from confinement.[3] (*Id.*). Petitioner also filed a civil rights complaint seeking monetary damages based on his allegedly wrongful incarceration. *Kozitzki v. City of San Antonio City Council, Texas, et al.*, No. 25-cv-203-FB (W.D. Tex. Feb. 11, 2025).

## APPLICABLE LAW

When a state prisoner challenges the fact or duration of his physical imprisonment and by way of relief seeks a determination that he is entitled to immediate release or a speedier release, his federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, to warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies, thereby giving the State the opportunity to consider and correct, if needed, any alleged violation of the prisoner's federal rights. *See Braden v. 30th Judicial Circuit Court of Ky*., 410 U.S. 484, 489–91 (1973).

Although exhaustion of state remedies is statutorily mandated only for post–trial habeas claims under 28 U.S.C. § 2254(b), well–established Fifth Circuit precedent holds federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the

---

[2] Petitioner's name is spelled with an "z" rather than a "s" in this case and with a "s" in his most recent criminal case. However, it appears Petitioner's name was previously spelled with a "z."
[3] Pursuant to *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973), monetary damages are not available through federal habeas corpus proceedings.

petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre–trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

DISCUSSION

While incarcerated, Petitioner has filed several *pro se* motions, including several Applications for a Writ of Habas Corpus. However, these motions have not been ruled on because Petitioner has appointed counsel. *United States v. Jackson*, No. 3:21-CR-00220, 2024 WL 436887, at *5 (W.D. La. Feb. 5, 2024) (*citing Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981) ("due process does not require that a criminal defendant be permitted to file every pro se motion he wishes to submit in addition to his attorney's motions")). Petitioner also filed an appeal with the Fourth Court of Appeals that was dismissed for lack of jurisdiction. According to the Fourth Court of Appeals website, Petitioner appealed his conviction in *Kozitzki v. State*, No. 04-24-00882-CR (Tex. App.) (dismissed w.o.j.). However, it was dismissed for want of jurisdiction rather than on the merits. Further, a search of the Texas Court of Criminal Appeals shows no filings by Kozitzki. *See* TAMES Search (txcourts.gov) (last visited Jul. 16, 2025).

Based on the foregoing, the Court finds Kozitzki has not shown he has exhausted his available state–court remedies prior to seeking relief by way of a § 2241 habeas petition. *See Braden*, 410 U.S. at 489–91; *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, Kozitzki has not shown that trial or other existing state procedures — including pretrial habeas review, direct appeal, and post–trial state habeas review — are insufficient to protect his constitutional rights. Accordingly, his habeas corpus claims are unexhausted and may not go

forward here. *See id.*

Additionally, to the extent Kozitzki seeks his immediate release from confinement, his claims are subject to application of the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Id.* at 45. Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when the following conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [defendant/petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). The Court finds that all prerequisites for abstention under *Younger* are met in the instant case.

## CONCLUSION

Because Petitioner has not exhausted his state–court remedies and all prerequisites for abstention under *Younger* are met, the Court finds Kozitzki's § 2241 Petition is subject to dismissal without prejudice.

**IT IS THEREFORE ORDERED** that Kozitzki's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 16th day of July, 2025.


_____
FRED   BIERY
UNITED STATES DISTRICT JUDGE